UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOAH WILLSMORE,<br><br>　　　　Defendant. | No. 2:24-cv-2246-DAD-SCR P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is in custody at the Sacramento County Main Jail. On August 19, 2024, he filed this action pro se, seeking relief for an alleged false arrest in June 2024 by his parole officer, who is the sole defendant. (ECF No. 1) After filing this action, Plaintiff was apparently released from jail before being rearrested. On November 18, 2024, plaintiff filed a motion for a preliminary injunction concerning an out-of-custody assault he alleges his parole officer committed in September 2024, as well as other actions he alleges his parole officer has taken against him. (ECF No. 11.)

　　　　The court has not yet reviewed plaintiff's request to proceed in forma pauperis ("IFP") or screened plaintiff's complaint. Pursuant to 28 U.S.C. § 1915(e), the court must screen every IFP proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1  (2000). Plaintiff's motion for a preliminary injunction is technically premature. See Zepeda v.
2  U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has
3  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not
4  attempt to determine the rights of persons not before the court."); Givens v. Adams, No.
5  CVF046288-AWI DLB, 2005 WL 1458731, at *1 (E.D. Cal. June 16, 2005), adopted, 2005 WL
6  2042341 (Aug. 22, 2005) (finding motion premature because plaintiff was "not entitled to
7  preliminary injunctive relief until such time as the court finds that his complaint contains
8  cognizable claims for relief against the defendants and the named defendants have been served
9  with the summons and complaint"). However, it is appropriate to adjudicate the motion for a
10  preliminary injunction because the court's own backlog has prevented it from promptly screening
11  the complaint and because plaintiff alleges that he is at risk of irreparable harm.

12  According to the motion for a preliminary injunction, defendant committed battery on
13  plaintiff at an address on 28th Street in Sacramento in September of 2024. (ECF No. 1; ECF No.
14  12 at 1.) Plaintiff fears for his life that such an assault will happen again. (Id. at 1-2.) Plaintiff
15  alleges defendant included certain information in plaintiff's parole revocation papers because
16  plaintiff filed this suit. (Id. at 2.)

17  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
18  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
19  balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
20  Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).[1] A preliminary injunction is an
21  "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled
22  to such relief." Id. at 22.

---

[1] Under another formulation of the test used in the Ninth Circuit, a "likelihood" of success is not an absolute requirement. Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in his favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).

Plaintiff fails to demonstrate he is likely to succeed on the merits of his claims. A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). Plaintiff, as the moving party, bears the burden of establishing the merits of his claims. See Winter, 555 U.S. at 20. As to the alleged assault, the alleged falsification of documents, and the alleged retaliation, Plaintiff merely states that each happened, without providing detail or supporting evidence. "Plaintiffs seeking a preliminary injunction may not merely rely on unsupported allegations, but rather must come forward with more than 'scant evidence' to substantiate their allegations." Skillcorn v. Dickey, 2024 WL 3992692, at *1 (D. Ariz. Aug. 29, 2024) (quoting Doe #11 v. Lee, 609 F. Supp. 3d 578, 592-93 (M.D. Tenn. 2022)). Given the paucity of evidence, plaintiff has not shown a likelihood of success on the merits.

Likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20.

Moreover, plaintiff's allegations of irreparable harm are too vague and speculative to support preliminary injunctive relief. A plaintiff must do more than merely allege imminent harm; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Without substantially more specific factual allegations—for example, facts showing a pattern of similar conduct or, at the very least, facts about the first alleged assault showing that it could be expected to happen again—plaintiff's fear that his parole officer will again assault him does not suffice to show a presently existing threat of future assault. See generally FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998).

Accordingly, plaintiff's motion for preliminary injunctive relief should be denied.

Plaintiff's complaint and motion to proceed in forma pauperis will be reviewed by the court in due course.

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 26, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE