UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON, | No. 2:24-cv-2246 DAD SCR P |
| Plaintiff, | |
| v. | ORDER |
| NOAH WILLSMORE, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed without paying the full filing fee for this action (ECF No. 2) and submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

Also before the undersigned is plaintiff's complaint for screening (ECF No. 1) and motion to appoint counsel (ECF No. 10).[1] For the reasons set forth below, plaintiff's complaint does not state any cognizable claims for relief. Plaintiff will be granted thirty (30) days from the date of

---

[1] Plaintiff has filed another action against defendant Willsmore that is also pending before the undersigned. See Robinson v. Willsmore, et al., 2:24-cv-2510 SCR ("Robinson II"). Plaintiff was directed to notify the court whether he intended the Robinson II complaint to be filed as a separate case or as an amendment to this action. (Id., ECF No. 6.) Plaintiff responded here that the cases are not associated with one another. (ECF No. 20.) Accordingly, the undersigned will not consolidate the actions and will screen the Robinson II complaint in due course.

1

service of this order to file an amended complaint. Plaintiff's motion to appoint counsel (ECF No. 10) is denied without prejudice.

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint alleges that on June 17, 2024, defendant Willsmore, a parole agent and peace officer for CDCR, seized him and placed him under false arrest. (ECF No. 1 at 3.) Defendant asked plaintiff where his phone was. Plaintiff responded, "in my room." Defendant

1  searched the room but couldn't find it.  Defendant then pulled plaintiff out of his car and brought
2  plaintiff to his room.  Plaintiff stated that he didn't know where the phone was.  Defendant
3  Willsmore then booked plaintiff on a parole violation.  (Id.)
4         Plaintiff alleges the arrest violated the Fourth Amendment and California Penal Code §
5  236.  (ECF No. 1 at 3.)  Without a phone, there was no probable cause for the arrest.  Defendant
6  Willsmore did not establish probable cause until June 18, 2024, as indicated on the petition for
7  revocation form.  As a result of defendant Willsmore's actions, plaintiff suffered emotional
8  distress and mental anguish and attempted to take his own life on July 16, 2024, by overdose.
9  Plaintiff seeks monetary damages in the amount of $3,000,000, and punitive damages in the
10 amount of $1,000,000.

                              **DISCUSSION**

**I.      Failure to State a Claim**

   **A.  Fourth Amendment**

Plaintiff's allegation that defendant Willsmore booked him for a parole violation without probable cause does not state a claim under the Fourth Amendment.  "[P]robable cause is not required to arrest a parolee for a violation of parole.  Instead, a parole officer may arrest a parolee if the officer 'reasonably believes a parolee is in violation of [his] parole.'"  Cornel v. Hawaii, 37 F.4th 527, 532 (9th Cir. 2022) (internal citations omitted).  "[A] more general (and lower) standard of reasonableness applies to arrests of parolees because '[a] parolee, while free of the prison walls, still remains under legal custody.'"  Burns v. Hawaii, No. CV 23-0143 JMS KJM, 2025 WL 1027447, at *4 (D. Haw. Apr. 7, 2025) (quoting Cornel v. Hawaii, 501 F. Supp. 3d 927, 943 (D. Haw. 2020), aff'd, 37 F.4th 527).

Because it appears that plaintiff may be able to allege facts to fix this problem, plaintiff has the option of filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff should consider the relevant legal standards above regarding the Fourth Amendment "reasonable belief" standard that applies to the arrest of people on parole.  If plaintiff files an amended complaint, plaintiff should also identify the asserted basis for his arrest and identify whether a court later found he had in fact violated his parole.

### B. Cal. Penal Code § 236

The allegations in the complaint are not sufficient to state a claim under Cal. Penal Code § 236. As a criminal false imprisonment statute, Cal. Penal Code § 236 does not confer a private right of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action under criminal statutes); Archambault v. ADESA Golden Gate, No. CIV-S-08-1616 LKK GGH PS, 2008 WL 5099648, at *3 (E.D. Cal. Nov. 25, 2008) (holding that there is no private right of action under Cal. Penal Code § 236).

Even if plaintiff had stated a cognizable state law claim, it cannot proceed because he has not alleged compliance with the California Government Claims Act. See Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). "The [Government Claims Act] applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance…applies in federal court." Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting Butler v. Los Angeles Cty., 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008)).

## II. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Plain Language Summary of Screening Order for Party Without Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the Fourth Amendment legal standard discussed above. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

### MOTION TO APPOINT COUNSEL

Plaintiff requests the appointment of counsel due to "being in Sierra Vista Hospital and having recurrent mental illness, such as major depression and bipolar disorder." (ECF No. 10.) Plaintiff claims his mental illnesses "obstruct my ability to litigate my complaints." (Id.)

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-2211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff's motion to appoint counsel is denied without prejudice, which means plaintiff can refile it in the future. It appears from the Docket that plaintiff is no longer hospitalized, and his motion does not explain how his mental illness obstructs his availability to litigate this case. If plaintiff later seeks the appointment of voluntary counsel based on his mental illness, he must specifically explain how his conditions impact his ability to "meaningfully participate" in his action. See Franco-Gonzalez, 2013 WL 3674492, at *4. Plaintiff may also file any necessary supporting documentation under seal.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's motion to appoint counsel (ECF No. 10) is DENIED without prejudice.

3. Plaintiff's complaint (ECF No. 1) fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

4. Within thirty (30) days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-02246 DAD SCR P**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a

recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE