UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON, | No. 2:24-cv-02246 DAD SCR P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NOAH WILLSMORE, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. On June 16, 2025, the undersigned screened plaintiff's complaint and found it failed to state any cognizable claims against defendant Willsmore. (ECF No. 21.) Plaintiff was granted thirty (30) days to file an amended complaint. (Id. at 6.) Plaintiff was further advised that if he failed to file an amended complaint, the undersigned would recommend dismissal of the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 6-7.) The time for plaintiff to amend his complaint has now passed, and plaintiff has not filed an amended complaint or otherwise responded to the screening order.

Accordingly, the undersigned recommends that the action be dismissed for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Local Rule 110. In recommending dismissal, the court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that most defendants have not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but when "standing alone," the public policy favoring disposition of actions on the merits "is not sufficient to outweigh the other four factors." Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). The undersigned has also considered less drastic alternatives and concludes that dismissal without prejudice is appropriate. In sum, because this case cannot move forward without plaintiff's participation, the court finds the Ferdik factors weigh in favor of dismissal.

Accordingly, IT IS RECOMMENDED that the action be dismissed without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE